**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JEFF H. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  1:25-cv-02706 (UNA) |
| | ) | |
| REGGIE B. WALTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court grants the IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a federal prisoner currently designated to FCI Butner, seeks over $3 million in damages arising from alleged constitutional violations committed against him during yet-active criminal proceedings filed against him in this District.  *See* Compl. at 1, 36–72; *see also USA v. Williamson*, No. 20-cr-00195 (RBW) (D.D.C. filed Sept. 17, 2020) ("*Williamson I*").[1]  He sues the presiding District Judge, the Offices of the United States Attorneys—including the former U.S. Attorney for the District of Columbia and the attorneys from that office who are prosecuting him.  *See id*. at 1–2.  He alleges Defendants, and other government actors and entities, have conspired against him to conduct unlawful mental competency and safety evaluations.  *See id*. at 1, 36–72.

First, the as noted, *Williamson I* is still active. "Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case

---

[1]    A court may take judicial notice of the docket, submissions, and facts on the public record in other court proceedings.  *See Covad Commc'ns Co. v. Bell Atl. Corp*., 407 F.3d 1220, 1222 (D.C. Cir. 2005).

simultaneously." *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (citing *Hilton Hotels Corp. v. Weaver*, 325 F.2d 1010, 1010 (D.C. Cir. 1963) (per curiam), *cert. denied*, 376 U.S. 951 (1964)).  Assuming *arguendo* that this Court could hear this case, Plaintiff has also filed an appeal challenging, *inter alia*, the evaluations at issue in *Williamson I*, and the appeal is still pending before the D.C. Circuit.  *See USA v. Williamson*, App. No. 24-3014 (D.C. Cir. filed July 29, 2025).  "The relationship between district court jurisdiction and the issuance of the appeals court mandate is clear and well-known:  The filing of a notice of appeal, including an interlocutory appeal, confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citation omitted).  The district court does not regain jurisdiction over those issues until the court of appeals issues its mandate. *Johnson v. Bechtel Associates Professional Corp.*, 801 F.2d 412, 415 (D.C. Cir. 1986) (per curiam).  The D.C. Circuit has yet to issue a mandate in response to Plaintiff's appeal; therefore, this Court is doubly prohibited from reviewing the actions taken in *Williamson I*.

Second, judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). And "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by

allegations of bad faith or malice."). Because the actions alleged by Plaintiff were taken in the presiding judge's official capacity, he is absolutely immune from suit.

Similarly, unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir.1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984). Here, the alleged involvement of the prosecutorial defendants arises directly from their roles in prosecuting plaintiff. Judicial and quasi-judicial activities clearly include the initiation of a prosecution and the presentation of the government's case. *See id.*; *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Expeditions Unlimited Aquatic Enter., Inc. v. Smithsonian Inst.,* 566 F.2d 289, 292 (D.C. Cir. 1977).

The Court also notes that it finds no merit in Plaintiff's contentions that the Defendants have engaged in a multifaceted conspiracy to cause his harm, and such allegations do not suffice to overcome the high hurdle of immunity. *See Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009) (finding that the plaintiff's "laundry list of wrongful acts and conclusory allegations to support h[is] theory of a conspiracy," were patently "insufficient to allow the case to go forward.") (citation omitted).

Finally, the Court denies Plaintiff's Motion to Correct Record for the Filing Date of the Lawsuit, ECF No. 4. In the Motion, Plaintiff demands that the Court change the date of this matter's filing to the date that it was entered by the Clerk, September 15, 2025, rather than the date it was received, on August 14, 2025, and he believes that this "backdating" is borne from a conspiracy by the Court to dismiss this case based on failure to effect timely service of process, *see id*. at 1–3. Apart from the frivolousness of these arguments, Plaintiff is mistaken. Under the

Federal Rules of Civil Procedure, a complaint is generally filed when it is delivered to the Clerk. *See Morrison v. Nielsen*, 325 F. Supp. 3d 62, 66 (D.D.C. 2018) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)).  Accordingly, August 14, 2025, the date that this matter was delivered to the Clerk, is the correct date of filing.  *See* Compl. at 1 (reflecting Aug. 14, 2025 date stamp).  In any event, Plaintiff would not be penalized for any delays by the Clerk in *entering* the case on the docket, nor would he be penalized for any delays in service of process; because Plaintiff is proceeding IFP, the Court itself would be responsible for effecting such service.  *See* 28 U.S.C. § 1915(d); *Ray v. Experian, Inc.*, No. 08–0114 (RCL), 2009 WL 1255114 at *1 (D.D.C. Apr. 28, 2009); *see Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring) (finding that service mistakes were not committed by *pro se* plaintiff and that he was "entitled and required to rely on the Marshal to serve the defendant or the United States Attorney within the statutory time period."); *Thomas v. Fed. Aviation Admin.*, No. 05–2391, 2007 WL 219988, at *4 (D.D.C. Jan. 25, 2007) (finding "good cause" for the delay in service of process on named defendants where, due to Clerk's Office error and "[t]hrough no fault of Plaintiff's," the summonses and complaints were not timely served).

Accordingly, Plaintiff's Motion, ECF No. 4, is denied, and this matter is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: November 20, 2025